Debtor:   Zachary Smith & Niki Painter         Case number:   19-60650

# United States Bankruptcy Court for the Western District of Missouri
## Chapter 13 Plan

☐ Check if this is an amended plan and list below the Parts of the plan that have been changed:

_____
_____

☐ Above median
X Below median

**Part 1: Notices**

To Debtors:   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors:   Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely written objection to confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015 and LR Rule 3083-1(D) and (E). In addition, you must have a filed and allowed proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included", if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | X Not included |
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, set out in Part 3.7 | ☐ Included | X Not included |
| 1.3 | Nonstandard provisions, set out in Part 7 | ☐ Included | X Not included |

**Part 2: Plan Payments**

2.1   Debtor(s) will make regular payments to the trustee as follows:

$ 695  per month
[If debtor(s) will have a step payment: and $     per month starting with the payment due in (month), (year)]  *Insert additional lines if needed.*

2.2   Regular payments to the trustee will be made from future income in the following manner:  *Check all that apply.*
     X Debtor(s) will make payments pursuant to a payroll deduction order to the employer(s) and in the amount(s) listed below:

| Debtor's name | Monthly amount | Employer's name | Street address | City, state & zip |
|---|---|---|---|---|
| | $ | | | |
| | $ | | | |

☐ Debtor(s) will make payments directly to the trustee.

12/2017                                       MOW 3083-1.1                                              1

2.3  Additional payments.

    X **None.** *If "None" is checked, the rest of Part 2.3 need not be completed or reproduced.*

    Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, amount, and date of each additional payment.

## Part 3: Treatment of Secured Claims

### 3.1  Maintenance of payments and cure of default, if any.

☐ **None.** *If "None" is checked, the rest of Part 3.1 need not be completed or reproduced.*

The current contractual installment payments on the secured claims listed below will be maintained, with any changes required by the applicable contract, and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee on a pro rata basis, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim control over any contrary amounts listed below as to the current installment payment and arrearage. Mortgage payments paid by the trustee will be paid pursuant to LR 3094-1. Vehicle loans may be paid as long term debts if they qualify as such pursuant to the terms of the contract. Any vehicle loan listed in this paragraph must be paid from the plan payments pursuant to LR 3070-1. Post-petition Homeowners Association (HOA) dues and pre-petition HOA arrearages shall be treated in Part 3.1.

| Creditor name | Collateral/ Street address | Last 4 digits of account # | Post petition monthly payment | Post-petition payment | | Estimated pre-petition arrearage | Arrearage interest rate |
|---|---|---|---|---|---|---|---|
| | | | | Paid through plan | Paid directly | | |
| Green Planet Servicing | Real Estate | | $ 956 | ☐ | X | $ 0 | |
| | | | $ | ☐ | ☐ | $ | |
| | | | $ | ☐ | ☐ | $ | |

### 3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

    X **None.** *If "None" is checked, the rest of Part 3.2 need not be completed or reproduced.*

    **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount; secured claims of governmental units should be listed in Part 3.5 below. For each listed claim, the value of the secured claim will be paid with interest at the applicable Chapter 13 rate unless otherwise modified below and specified in Part 7.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Pursuant to 11 U.S.C. §1326(a)(1), secured claims marked below as non-purchase money security interest claims will not receive pre-confirmation adequate protection payments unless the court orders otherwise.

| Creditor name | Estimated amount of creditor's total claim | Collateral | Check if non-purchase money security interest claim | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | EMA payment through plan |
|---|---|---|---|---|---|---|---|---|
| | $ | | ☐ | $ | $ | $ | | $ |
| | $ | | ☐ | $ | $ | $ | | $ |
| | $ | | ☐ | $ | $ | $ | | $ |

3.3 Secured claims excluded from 11 U.S.C. §506.

☐ **None.** *If "None" is checked, the rest of Part 3.3 need not be completed or reproduced.*

The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan by the trustee. Unless otherwise ordered by the court, the claim amount stated on a filed and allowed proof of claim controls. These claims will be paid interest at the applicable Chapter 13 rate unless otherwise modified below and specified in Part 7.

| Creditor name | Last 4 digits of account # | Collateral | Interest rate | EMA payment through plan |
|---|---|---|---|---|
| Credit Acceptance | | 2016 Kia Forte | Ch13 rate | $ 240 |
| Credit Accpetance | | 2011 Ford F150 | Ch13 rate | $ 305 |

3.4 **Mortgages to be paid in full during the life of the plan**

X **None.** *If "None" is checked, the rest of Part 3.4 need not be completed or reproduced.*

If no monthly payment is provided, the creditor will be paid pro rata from funds available for this class after the payment of creditors with an Equal Monthly Amount.

If no interest rate is listed in the plan or on the face of the proof of claim, the trustee will use the Chapter 13 rate in effect for this case.
If the post-petition payments are paid through the plan, the trustee will only make principal and interest payments on the mortgage claims listed in Part 3.4. Pre-petition arrears will be paid as part of the principal balance of the claim and not as a separate claim.

| Creditor name | Collateral/ Street address | Last 4 digits of account # | Principal balance | Monthly payment | Post-petition payments | | Interest rate |
|---|---|---|---|---|---|---|---|
| | | | | | Paid through plan | Paid directly | |
| | | | $ | $ | ☐ | ☐ | % |
| | | | $ | $ | ☐ | ☐ | % |

Escrow accounts associated with the claims listed above in Part 3.4:

X **None.**
Any escrow accounts associated with a claim listed in this paragraph shall be paid directly by debtors or by the trustee as a separate claim record pursuant to the Information listed below. If the post-petition escrow payments are paid by the trustee, the trustee will cease making said payments once the underlying claim has been paid in full.

| Creditor name | Monthly escrow payment | Post-petition escrow payments | |
|---|---|---|---|
| | | Paid through plan | Paid directly |
| | $ | ☐ | ☐ |
| | $ | ☐ | ☐ |

3.5  Secured claims of governmental units.

X **None.** *If "None" is checked, the rest of Part 3.5 need not be completed or reproduced.*

The trustee shall pay secured claims of governmental units based on a filed and allowed proof of claim, whether listed in this paragraph or not, in full pursuant to 11 U.S.C. §511(a), if the claim is a tax claim entitled to payment under this statute. If the tax claim does not provide the non-bankruptcy applicable interest rate, it will be paid at the Chapter 13 rate in effect for this case.

| Creditor name | Estimated claim amount |
|---|---|
|  |  |
|  |  |

3.6  **Surrender of collateral.**

X **None.** *If "None" is checked, the rest of Part 3.6 need not be completed or reproduced.*

The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below, provided a proof of claim is filed and allowed for any deficiency amount.

| Creditor name | Collateral |
|---|---|
|  |  |
|  |  |

3.7  **Lien avoidance.**

X **None.** *If "None" is checked, the rest of Part 3.7 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**
The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|
| Name of creditor: | a. Amount of lien:  $ | Amount of secured claim after avoidance (line a minus line f) |
| Collateral: | b. Amount of all other liens:  $ | $ |
| Lien identification (such as judgment date, date of lien recording, book & page number): | c. Value of claimed exemptions:  + $ | Interest rate (if applicable): |
| b. | d. Total of adding lines a, b, and c:  $ | Ch13 Rate |
|  | e. Value of debtor's interest in property:  - $ | Equal monthly amount ("EMA") to be disbursed by the trustee |
|  | f. Subtract line e from line d:  $ | $ |
|  | Extent of exemption impairment (check applicable box): |  |
|  | ☐ Line f is equal to or greater than line a. |  |
|  | The entire lien is avoided. *(Do not complete the next column.)* |  |
|  | ☐ Line f is less than line a |  |
|  | A portion of the lien is avoided. *(Complete the next column.)* |  |

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

*Trustee's fees will be collected pursuant to 28 U.S.C. §586.*

*For Domestic Support Obligation ("DSO") noticing purposes, under 11 U.S.C. §1302(d), if the DSO claim holder listed is a governmental unit, list the name(s), address(es) and phone number(s) of the actual holder of a DSO as defined in 11 U.S.C. §101(14A). Pursuant to 11 U.S.C. §112 and Bankruptcy Rule 9037, do not disclose the name of a minor child. Identify only with the minor's initials.*

*If the debtor has a tax redemption claim, said claim must be listed in Part 7 and specific instructions for treatment of creditor must be clearly set out. The box in Part 1.3 indicating that nonstandard provisions are included must also be checked.*

### 4.2 Attorney's fees

| Total pre-confirmation attorney fees | Pre-confirmation attorney fees paid directly by the debtor | Pre-confirmation attorney fees paid from the plan payments | Equal monthly amount ("EMA") |
|---|---|---|---|
| $ 3600 | $ 1320 | $ 2280 | $ 110 |

### 4.3 Ongoing post-petition Domestic Support Obligations.

X **None.** *If "None" is checked, the rest of Part 4.3 need not be completed or reproduced.*

The debtor(s) shall make ongoing, post-petition DSO payments directly to the holder of the claim whether payments are made to the actual recipient or to a governmental unit as assignee. The monthly payment should be listed on Schedule I and/or J.

| Debtor's name | Ongoing DSO claim holder name | Address | Direct monthly payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

### 4.4 Pre-Petition Arrears on Domestic Support Obligation claims.

X **None.** *If "None" is checked, the rest of Part 4.4 need not be completed or reproduced.*

Pre-petition arrearages owed to DSO holders under 11 U.S.C. §507(a)(1)(A) and §507(a)(1)(B) shall be paid by the trustee from plan payments on a pro rata basis from funds available after payment of creditors with an EMA unless otherwise specified in Part 7.

| Debtor's name | DSO arrearage claim holder name | Address | Estimated arrearage claim |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

### 4.5. Other Priority Claims.

x **None.** *If "None" is checked, the rest of Part 4.5 need not be completed or reproduced.*

Other Priority claims will be paid by the trustee from plan payments on a pro rata basis as funds are available for this class of claimant unless otherwise specified in Part 7. Any other special provisions must be clearly set out in Part 7.

| Priority creditor name | Estimated priority claim |
|---|---|
|  | $ |
|  | $ |
|  | $ |

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 General

Absent court order or other agreement with the trustee, debtor(s) shall turn over to the trustee the non-exempt portion of any federal or state tax refund that is a pre-petition asset unless the non-exempt equity in the tax refunds is satisfied by the treatment of non-priority unsecured creditors in Part 5.2. Debtor(s) may also be required to pay in tax refund(s) that are not pre-petition assets if the court determines that said refunds are disposable income.

If debtor has a pending or potential lawsuit or other administrative proceeding, whether or not such cause of action is listed on Schedule A/B, any net, non-exempt proceeds which become liquidated shall be turned over to the trustee absent other court order or other agreement with the trustee.

### 5.2 Nonpriority unsecured claims not separately classified.

Choose only <u>one</u> treatment of non-priority unsecured creditors below:

☐ A dividend of 100%.

☐ A dividend of 0%.

☐ A dividend of    %.

X A base plan. The base is 55 months of payments.

☐ Liquidation Analysis Pot (LAP). There is non-exempt equity of $    .

☐ Disposable Income Pot. The DIP amount is $    (60 x $    monthly disposable income as calculated on Form 122C-2).

5.3 **Maintenance of payments and cure of any default on nonpriority unsecured claims (such as long-term student loans).**

X **None.** *If "None" is checked, the rest of Part 5.3 need not be completed or reproduced.*

The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. The contractual installment payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any claim for an arrearage amount will be paid in full as specified below and disbursed by the trustee pursuant to the filed and allowed proof of claim.

| Creditor name | Last 4 digits of account # | Estimated claim amount | Contractual monthly payment | Post-petition payment | | Estimated arrearage claim | Interest rate for arrears (if applicable) |
|---|---|---|---|---|---|---|---|
| | | | | Paid through plan | Paid directly | | |
| | | $ | $ | ☐ | ☐ | $ 0 | % |
| | | $ | $ | ☐ | ☐ | $ | % |

5.4 **Other separately classified nonpriority unsecured claims.**

X **None.** *If "None" is checked, the rest of Part 5.4 need not be completed or reproduced.*

The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Creditor name | Basis for separate classification and treatment | Amount of the claim | Interest rate (if applicable) |
|---|---|---|---|
| | | $ | % |
| | | $ | % |

**Part 6: Executory Contracts and Unexpired Leases**

List the treatment of executory contracts and unexpired leases below.

X **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

Post-petition payments and pre-petition arrearages, whether scheduled or unscheduled, on executory contracts and unexpired leases which are assumed shall be paid directly by the debtor(s). If debtor(s) have pre-petition arrearages, an estimated amount should be listed below. Debtor(s) should also include detailed information below on how the pre-petition arrearage will be cured.

| Creditor name | Description of leased property or executory contract | Assume or reject | | Estimated pre-petition arrearage | Debtor(s) will cure the pre-petition arrearage directly as follows: |
|---|---|---|---|---|---|
| | | Assume | Reject | | |
| | | ☐ | ☐ | $ | |
| | | ☐ | ☐ | $ | |

**Part 7: Nonstandard Plan Provisions**

X **None.** *If "None" is checked, the rest of Part 7 need not be completed or reproduced.*

Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the approved form for the Western District of Missouri or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

<u>**The following plan provisions will be effective only if there is a check in the box "Included" in Part 1.3.**</u>

**Part 8: Signatures**

Signature(s) of Debtor(s)

x _____    Date 6.4.19

x _____    Date 6.4.19

**Signature of**

**Attorney for Debtor(s)**

x _____    Date 6.4.19

The debtor(s) must sign this document even if represented by an attorney and even if the attorney also has signed above.

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the approved form for the Western District of Missouri, other than any nonstandard provisions included in Part 7.

## PLAN PROVISIONS

A. PLAN PAYMENTS AND LENGTH OF PLAN

    i. **Mailing address:** All plan payments shall be payable to "Richard V. Fink, Trustee", shall include the debtor's name and case number and shall be mailed to Richard V. Fink, Trustee, P.O. Box 1839, Memphis, TN 38101-1839. Any changes to the plan payment mailing address will be posted on www.ndc.org and www.13network.com.

    ii. **Commencement date:** Plan payments shall commence within 30 days of the petition date. Once a plan is confirmed, that plan payment remains in effect until such time as the court confirms a subsequent amendment.

    iii. **Employer wage order:** If the box for voluntary wage assignment to the employer is checked and the employer address is not provided, the wage order shall be issued directly to the debtor. If neither box in Part 2.2 is checked, the wage order shall be issued directly to the debtor. Full and timely payment is the debtor's responsibility if the voluntary wage assignment has not gone into effect or if the employer does not remit the full plan payment amount. The trustee also may cause an order to remit plan payments to be issued to the debtor's employer pursuant to LR 3083-1.

    iv. **Electronic payments:** Payments can be made electronically to the trustee. There are links to the websites at www.ndc.org and www.13network.com.

B. TREATMENT OF SECURED CLAIMS – MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY

    i. **Interest rate for pre-petition arrearage:** All pre-petition arrearages, whether scheduled or unscheduled, shall be paid 0% interest pursuant to 11 U.S.C. §1322(e) unless otherwise specified in the plan or ordered by the court. If a portion of the pre-petition arrearage is entitled to interest, the treatment should be clearly specified in Part 7 as to the amount to be paid interest and the applicable interest rate. If the proof of claim is filed with no information regarding the portion to be paid interest, the trustee shall pay interest on the amount indicated in the plan. If no specific interest rate is provided and the plan provides for interest, the trustee shall use the Chapter 13 Rate in effect for the case.

    ii. **Post-petition mortgage payment change:** A "Notice of Mortgage Payment Change" shall be filed with the court and served on the debtor, the debtor's counsel and the trustee no later than twenty-one (21) prior to any payment change and shall contain the information required pursuant to LR 3094-1 and Bankruptcy Rule 3002.1.

    iii. **Pre-confirmation adequate protection payments on claims secured by real property:** The trustee shall distribute adequate protection payments to real property creditors being paid from the plan payments pursuant to LR 3086-1.

    iv. **No proof of claim filed or no transfer filed:** The trustee shall reserve funds for the conduit portion of claims treated as long term debts and paid from the plan payments. If no proof of claim is filed, the trustee generally files a motion to deposit funds into the court registry at the conclusion of the case and will deposit the reserved funds into the court registry absent other court order. If a proof of claim is filed but the claimant does not accept funds from the trustee and no transfer or assignment of claim is filed, the trustee generally files a motion to deposit funds into the court registry at the conclusion of the case and will deposit the reserved funds into the court registry absent other court order.

C. SECURED CLAIMS – ADEQUATE PROTECTION

    i. **How adequate protection payments are made:** Creditors listed in Part 3 that are entitled to adequate protection payments pursuant to 11 U.S.C. §1326(a)(1) or LR 3086-1 will receive said payments from the trustee pursuant to LR 3086-1 unless otherwise ordered by the court. A creditor shall not receive adequate protection payments if the plan does not provide for such creditor to be treated as secured in Part 3. In order for such creditor to receive adequate protection payments, the debtor must amend the plan to specify creditor's treatment as secured and to provide an equal monthly amount for that creditor or the creditor must file an appropriate motion for adequate protection with the court and obtain an order. Creditors may file objections to the adequate protection treatment provided by the plan.

    ii. **Proof of claim required:** Creditors listed in Part 3 that are entitled to adequate protection payments pursuant to 11 U.S.C. §1326(a)(1) or LR 3086-1, will receive payments from the trustee only after a proof of claim is filed with the court. Adequate protection payments shall be paid from the second month following the petition or conversion month through the confirmation month. The principal amount of the adequate protection recipient's claim shall be reduced by the amount of the adequate protection payments remitted unless the court orders otherwise.

D. SECURED CLAIMS OF GOVERNMENTAL UNITS

    i. The trustee shall pay secured claims of governmental units based on a filed and allowed proof of claim, whether listed in the plan or not, in full pursuant to 11 U.S.C. §511(a), if the claim is a tax claim entitled to payment under this statute. If the tax claim does not provide the non-bankruptcy applicable interest rate, it will be paid at the Chapter 13 rate in effect for this case.

E. LIEN RETENTION

The holder of a secured claim shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the discharge under 11 U.S.C. §1328. If the case is dismissed or converted without completion of the plan, the lien also shall be retained by such holder to the extent recognized by applicable non-bankruptcy law pursuant to 11 U.S.C. §1325(a)(5)(B).

F. TREATMENT OF FEES AND PRIORITY CLAIMS

i. **Trustee's fees:** Trustee's fees shall be collected pursuant to 28 U.S.C §586.

ii. **Pre-confirmation debtor's attorney's fees:** Attorney fees shall be paid from the plan payments pursuant to LR 2016-1 unless a different treatment is provided in Part 7 *and* the court issues a specific order regarding that proposed treatment. Pre-confirmation attorney fees are limited to the amounts set out in LR 2016-1(D) absent a court order allowing fees in excess of said amounts. The confirmation of the plan without that separate, specific court order shall not permit attorney fees to be paid contrary to the equal monthly amount specified in Part 4.2. All attorney fees paid contrary to that paragraph or other order of the court are subject to disgorgement.

iii. **Treatment:** Eleven U.S.C. §1322(a)(2) provides that all claims entitled to priority under §507(a) shall be paid in full in deferred cash payments, except when §1322(a)(4) applies to §507(a)(1)(B) priority claim, unless the holder of a particular claim agrees to a different treatment of such claim. All priority claims, regardless of the underlying basis for the claim, are similarly classified for purposes of distribution

under this plan unless otherwise specified in Part 7 or other order of the court. Priority creditors shall not receive interest on their claims unless otherwise specified in the plan or other order of the court.

iv. **Classification:** All priority creditors, including DSO's, with a filed and allowed claim for whom an EMA is provided in Part 7, shall be grouped for distribution purposes with any creditor for whom an EMA is provided, including secured claims and debtor's attorney's fees. All priority unsecured creditors, including DSO's, with a filed and allowed claim for whom an EMA is not provided, shall be grouped for distribution purposes with any secured creditor being paid pro rata as funds are available for that class of creditors.

G. **TREATMENT OF NONPRIORITY UNSECURED CLAIMS**

i. **Base plans:**

a. **Base amount:** The base amount ("Base") shall be calculated by multiplying the number of months proposed in a base case by the monthly plan payment. If the monthly plan payment changes, the base shall be adjusted accordingly.

b. **Dividend to be set in Base plans:** After both the governmental and non-governmental bar dates have passed and the trustee has filed the Notice Allowing/Disallowing Claims and said Notice is final, the trustee will set a dividend in Base cases establishing the percentage that the Base will pay to non-priority unsecured creditors at that time. The trustee will provide a notice of the set dividend.

c. **Adjustments to the dividend:** Once the dividend has been set in a Base plan, the trustee may adjust the dividend as necessary to ensure that the case complies with the Applicable Commitment Period if the plan runs short of the Applicable Commitment Period due to a withdrawn proof of claim, a lump sum payment made by the debtor, a decrease in trustee's fees, a decrease in the conduit mortgage payment, or any other event. The dividend may also be adjusted based on a post-confirmation amended plan filed by debtor. The trustee will provide notice of the adjusted dividend. If the debtor remits sufficient funds to the trustee to pay off the case in full, e.g. 100% to all filed and allowed unsecured creditors; the trustee may adjust the plan to a 100% plan for filed and allowed unsecured creditors without further order of the court.

d. **Payment of non-priority unsecured creditors:** Filed and allowed non-priority unsecured creditors shall be paid their pro rata share, as funds are available, of plan payments available after the satisfaction of administrative expenses, secured claims (including interest), priority unsecured claims and after all long-term debt payments being paid through the trustee are current.

e. **Length of Base:** Because the total funds paid into the plan *must* be sufficient to satisfy the administrative expenses, secured claims and priority unsecured claims, the plan may actually run longer than the number of months needed to satisfy the Base. Any adjustments made to the Base that results in the Plan running in excess of the sixty-month statutory time limit of 11 U.S.C. §1322(d) may result in the trustee filing a motion to dismiss.

ii. **Pot plans:**

a. **Liquidation analysis pot (LAP):** The LAP amount listed in Part 5.2 should be the amount of non-exempt equity. When setting the dividend to non-priority unsecured creditors, the trustee will deduct hypothetical Chapter 7 trustee fees from the LAP amount. The hypothetical fees will be calculated pursuant to 11 U.S.C. §326. After deduction of said fees and any allowed priority claims, any funds remaining in the LAP will be paid to allowed non-priority unsecured claimants pursuant to the set dividend. Filed and allowed special or co-debtor non-priority claims will not receive more than their pro rata share of any funds available for distribution to filed and allowed non-priority claimants from the LAP; if the plan provides for filed and allowed special or co-debtor non-priority claims to be paid more than the other filed and allowed non-priority unsecured claimants, then the debtor shall pay to the trustee the additional funds necessary to satisfy those claims.

b. **Disposable income pot (DIP):**

1. **DIP amount:** If the debtor has disposable income as defined in 11 U.S.C. §§1325(b)(2) and (b)(3) and the applicable commitment period as defined in §1325(b)(4)(A) is not less than five (5) years, the DIP amount shall be the amount of the monthly disposable income on Form 122C-2 multiplied by 60.

2. Dividends in DIP plans: When setting the dividend to non-priority unsecured creditors, the trustee will deduct pre-confirmation attorney's fees paid from plan payments and filed and allowed special or co-debtor non-priority unsecured claims. Filed and allowed priority claims are not deducted from the DIP as they already have been deducted on the Form 122C-2. Any remaining funds in the DIP will be paid to filed and allowed non-priority unsecured claims pursuant to the set dividend. If the DIP is less than or equal to the sum of the pre-confirmation debtor's attorney's fees being paid from the plan payments and filed and allowed special or co-debtor non-priority unsecured claims, the filed and allowed non-priority unsecured claims shall receive zero percent (0%), unless the plan runs short of the applicable commitment period. See paragraph I(ii) below.

    c. **Adjustment to dividend for both LAP plans and DIP plans:** After the dividend to non-priority unsecured creditors is set, the trustee will not reduce the dividend to accommodate additional or amended proofs of claim filed and allowed after the bar date but may increase the dividend if a proof of claim is withdrawn or amended to a lower amount to ensure compliance with 11 U.S.C. §1325(a)(4). If the debtor believes that reduction of the dividend is required, it will be the responsibility of the debtor to determine the appropriate dividend and file an amended plan to adjust the dividend. Any such amendment to the plan shall reflect the dividend which previously has been set and shall provide a dividend that will comply with 11 U.S.C. §1325(a)(4) and must be at least equal to any distributions already made to non-priority unsecured creditors.

H. **DISTRIBUTIONS TO CREDITORS**

   i. **Proof of claim:** The trustee shall only distribute payments, including adequate protection payments, to creditors who have filed and allowed proofs of claim. If the plan provides for the debtor to make payments directly, then the failure of the creditor to file a proof of claim does not excuse the debtor from making the required direct payments. If the debtor is to make direct payments to a creditor, those payments must be
paid pursuant to the terms of the contract regardless of whether the plan is confirmed. However, if the trustee is to pay any portion of a claim, then it is necessary for the creditor to file a proof of claim to receive the portion of the claim to be paid through the trustee. Notwithstanding the confirmation of this plan, the debtor(s) and the trustee reserve the right to challenge the allowance, validity or enforceability of any claim, in accordance with 11 U.S.C. §502(b) and to challenge the standing of any party to assert any such claim.

   ii. **Order of distributions:** The trustee shall distribute to creditors, absent other order of the court, based on the confirmed plan, filed and allowed proofs of claim, and the notice to allow claims and any subsequent notices to allow additional, adjusted or amended claims. See LR-3084-1 and LR 3085-1. The manner and order of distribution to creditors shall be determined by the trustee unless otherwise clearly set out in the plan as confirmed.

   iii. **Creditor mailing address/assignments or transfers:** The trustee shall mail payments to the address provided on the proof of claim unless the creditor provides another address in writing for payments or the trustee receives other official, written notice of a change of address. If the claim is assigned or transferred, the trustee shall continue to remit to the original creditor until an assignment or transfer of claim is filed with the court.

   iv. **Payment of claim after lifting of stay:** The trustee shall continue to make payments to any creditor with a filed and allowed claim after an order granting relief from the stay is entered or the stay is otherwise not in effect. The trustee shall cease making payments only if:

      a. the claim is withdrawn by the creditor; or
      b. an objection to the claim is filed and an order is entered directing the trustee to cease making payments on the claim; or
      c. the claimant notifies the trustee in writing that no further payments are owed on the claim(s); or
      d. an amended plan is filed and confirmed which specifically provides for no further payments to the claimant.

   See LR 3086-1.

   v. **Trustee's avoidance powers:** If the trustee recovers funds related to a transfer, the recovered funds will be for the benefit of unsecured creditors, less administrative fees and costs, absent other court order.

I. **DEFINITIONS**

   i. **Arrearage:** Any arrearages listed are the debtor's best estimate of the amount owed as of the date of the petition. The trustee shall pay arrearages based on the filed and allowed proof of claim pursuant to LR 3084-1. If no arrearage amount is shown on the proof of claim, none shall be paid.

   ii. **Applicable commitment period:** If the trustee or an unsecured creditor objects to confirmation of a plan pursuant to 11 U.S.C. §1325(b)(1)(B), the debtor shall devote to the plan all disposable income for payment to unsecured creditors for the applicable commitment period from the date that the first plan payment is due, as defined in §1326(a)(1), unless the plan provides for payment in full of all filed and allowed unsecured claims over a shorter period. Regardless of whether the trustee objected to the confirmation of the plan pursuant to §1325(b)(1)(B), the trustee may file a Motion to Amend Plan pursuant to 11 U.S.C. §1329 to a Base plan, a dividend plan or a Pot plan if the plan as filed and confirmed will pay all administrative expenses and filed and allowed secured and priority creditors in a period of time that is less than the applicable commitment period. This includes plans running less time than anticipated due to the lifting of the automatic stay, secured or priority claims being allowed for less than the scheduled amount or not filed at all, withdrawn claims, lien avoidance or disallowance of claims or plans running less than the applicable commitment period due to other reasons. The trustee, the debtor or an allowed unsecured claimant may also file a Motion to Amend Plan pursuant to §1329 if there has been a post-confirmation change in circumstances that would allow the debtor to pay a dividend or an increased dividend to non-priority unsecured creditors.

   iii. **Equal monthly amount (EMA):** Claims with EMAs may receive more than the EMA and may receive those additional funds prior to payments being made to non-priority unsecured creditors.

   iv. **Long term debt:** A long term debt is one in which the final payment due under the terms of the contract comes due after the final Chapter 13 plan payment comes due.